UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE GARCIA,<br><br>              Petitioner,<br>    v.<br>WARDEN BACA, *et al.*,<br><br>              Respondents. | Case No. 3:17-cv-00507-MMD-WGC<br><br>ORDER |

This *pro se* habeas matter pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss (ECF No. 10). Petitioner has not opposed, and the time for doing so has expired.

Petitioner in this action challenges his 2009 state court conviction, pursuant to a jury trial, of murder with use of a deadly weapon, two counts of attempt murder with use of a deadly weapon, battery with a deadly weapon causing substantial bodily harm, and battery with a deadly weapon. (ECF No. 6; Exhs. 46–50, 60.)[1] Following sentencing and entry of judgment, Petitioner appealed. (Exhs. 62, 84, 90.) The Nevada Supreme Court issued an order of affirmance on December 6, 2012. (Exh. 105.) Petitioner thereafter filed a petition for writ of certiorari, which the U.S. Supreme Court denied on October 10, 2013. (Exh. 113.)

///

///

///

---

[1]The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 11–19.

Petitioner filed a habeas petition in state court on December 13, 2013. (Exh. 115.) The trial court denied relief, and petitioner appealed. (Exhs. 146, 147.) The Nevada Court of Appeals affirmed and issued remittitur on May 17, 2017. (Exhs. 173, 178.)

On August 21, 2017, Petitioner filed the instant federal petition for habeas corpus relief. (ECF No. 1-1 at 1.) Respondents move to dismiss the petition as untimely and unexhausted.

**I.    TIMELINESS**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on petitions filed pursuant to 28 U.S.C. § 2254. The one-year limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2). Petitions can also be subject to equitable tolling in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

Petitioner's judgment of conviction became final on October 10, 2013, the date the United States Supreme Court denied his petition for writ of certiorari. Petitioner filed his state court postconviction habeas petition about two months later, and the limitations period was tolled while that petition was pending. On May 17, 2017, the Nevada Court of Appeals issued remittitur after affirming the denial of Petitioner's state postconviction petition. Petitioner filed his petition on August 21, 2017, just over three months later. All told, Petitioner filed his petition with more than six months remaining in the AEDPA limitations period. The motion to dismiss the petition as untimely will therefore be denied.

**II.   EXHAUSTION**

Respondents argue that Grounds 1, 3, 4 and 5 are unexhausted. Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement,

the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**A.  Ground 1**

In Ground 1, Petitioner asserts a violation of his Fifth, Sixth, and Fourteenth Amendment rights when trial counsel failed to ensure that the jury was properly instructed and to object to an improper jury instruction on attempted murder. (ECF No. 6 at 3.) He further asserts that the jury was not properly instructed on the law of attempted murder. (*Id.*) Contrary to Respondents' apparent interpretation of the petition, it is clear that Petitioner raises in Ground 1 both an ineffective assistance of counsel claim and the substantive claim on which it is based.

As Respondents recognize, the substantive claim is exhausted. (Exh. 84 at 14–15.) The ineffective assistance of counsel claim, however, is not. An ineffective assistance of counsel claim is not exhausted by exhausting the underlying substantive claim on which it is based. *Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005). Petitioner has never presented to the state's highest courts a claim that counsel was ineffective with respect to the attempted murder jury instructions.[2] (Exhs. 159, 167.) Nor did the Nevada

---

[2] To the extent Petitioner's opening or reply brief on appeal could be read to assert an ineffective assistance of counsel claim, such did not exhaust the claim as it was presented in a procedural context in which the merits of the claim were unlikely to be

3

Supreme Court actually decide any such claim. (Exhs. 105, 173.) Although Petitioner brought this claim in his *pro se* state habeas petition, he did not subsequently raise it on appeal from denial of the petition, choosing instead to narrow his appeal to another ineffective assistance of counsel claim. The ineffective assistance of counsel claim raised in Ground 1 is therefore unexhausted.

### B.     Ground 3

In Ground 3, Petitioner asserts a violation of his Fifth, Sixth and Fourteenth Amendment rights because trial counsel improperly conceded that Petitioner could be charged with attempted murder and battery. (ECF No. 6 at 7.) This prevented appellate counsel from arguing persuasively on appeal that petitioner's conviction violated Double Jeopardy and was redundant. (*Id.*) While not as clear as some of Petitioner's other claims, Ground 3 is properly construed to allege both the ineffective assistance of counsel claim and the double jeopardy claim on which it is based.[3]

As Respondents recognize, the substantive claim is exhausted. (Exh. 84 at 18–20; Exh. 105.) The ineffective assistance of counsel claim, however, is not. As previously noted, an ineffective assistance of counsel claim is not exhausted by exhausting the underlying substantive claim on which it is based. *Rose*, 395 F.3d at 1111–12. Petitioner did not present a claim that counsel was ineffective for conceding the attempted murder/battery argument in his postconviction appeal to the state's highest courts. (Exhs. 159, 167.) Nor did the Nevada Supreme Court actually decide any such claim. (Exhs. 105, 173.) While Petitioner did raise this claim on direct appeal, the Nevada Supreme

---

considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Volpicelli v. Palmer*, 2012 WL 3100555, at *4 (D. Nev. July 30, 2012) (unpublished disposition) ("Under established Nevada state practice, claims of ineffective assistance of trial counsel generally are considered on state post-conviction review, not on direct appeal."); *see also* (Exh. 105 at 5 n.2) (holding inappropriate for direct appeal an ineffective assistance of counsel asserted by petitioner).

[3]The Court bases this conclusion on the fact that Ground 3 asserts the Fifth Amendment (protecting against double jeopardy) in addition to the Sixth Amendment (guaranteeing effective assistance of counsel), Petitioner indicates in his petition that the claim was exhausted both on direct appeal and in postconviction proceedings, and petitioner exhausted the substantive claim on direct appeal. (ECF No. 6 at 8; Exh. 84.)

Court held that the claim was not properly raised on direct appeal and therefore declined to consider it. (Exh. 90 at 6–9; Exh. 105 at 5 n.2.). And although Petitioner brought this claim in his *pro se* state habeas petition, he did not subsequently raise it on appeal, choosing instead to narrow his appeal to another ineffective assistance of counsel claim. The ineffective assistance of counsel claim raised in Ground 3 is therefore unexhausted.

### C. Ground 4

In Ground 4, Petitioner asserts that trial counsel was ineffective for failing to communicate any plea offers to him. (ECF No. 6 at 9.) This claim is unexhausted because it has never been presented to or decided by the state's highest courts.[4] (Exhs. 159, 167, 173.)

### D. Ground 5

In Ground 5, Petitioner asserts that trial counsel failed to object to various instances of prosecutorial misconduct, including (1) calling defense witness Danny Garcia a liar in closing; and (2) testifying to his own observations. (ECF No. 6 at 10–12.) The Court reads Ground 5 as asserting both the substantive claim and the ineffective assistance of counsel claim, as Petitioner argues not only that his trial counsel erred by failing to object but also that the prosecutor's comments violated his right to due process and a fair trial. (*See id.* at 12.)

As Respondents recognize, the substantive portion of this claim is exhausted. (Exh. 84.) But Respondents are correct that the ineffective assistance of counsel component of this claim is unexhausted. Petitioner did not present the ineffective assistance of counsel claim asserted in Ground 5 to the state's highest courts. (Exhs. 159, 167.) Nor did the Nevada Supreme Court actually decide this claim. (Exh. 173.) As previously noted, an ineffective assistance of counsel claim is not exhausted by exhausting the substantive claim on which it is based, nor is it sufficient to have raised the claim in the state petition without also appealing the claim.

---

[4]Because the claim is unexhausted, the Court will deny without prejudice Petitioner's request that counsel be appointed to assist him with discovery to determine whether he has a claim at all.

## III. OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

## IV. MOTION TO SEAL

In filing the relevant state court record, Respondents move to file several exhibits under seal, namely Petitioner's presentence investigation report and several other miscellaneous documents that were sealed in the trial court and have never been unsealed. (ECF No. 22). In accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Court finds that a compelling need to protect the privacy and/or personal identifying information of Petitioner in the sealed exhibits outweighs the public interest in open access to court records. The motion for leave to file exhibits under seal will therefore be granted.

///

## V. CONCLUSION

In accordance with the foregoing, it is therefore ordered that Respondents' motion to dismiss (ECF No. 10) is granted in part and denied in part as follows:

1. The motion to dismiss the petition as untimely is denied;

2. Grounds 1, 3 and 5 are unexhausted in part, to the extent they assert ineffective assistance of counsel claims, and exhausted to the extent they assert the substantive claims identified by way of this order; and

3. Ground 4 is unexhausted.

It is further ordered that, within thirty days of the date of this order, Petitioner will either: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. Failure to timely comply with this order will result in the dismissal without prejudice of this mixed petition.

It is further ordered that Respondents' motion to seal (ECF No. 22) is granted, and the exhibits previously filed under seal (ECF No. 23) will remain under seal.

DATED THIS 22nd day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE